# Harvey *v.* American Natural Gas Company, Appellant.

*Lease—Natural gas lease—Rental—Partition.*

Where an owner of land executes a lease of the natural gas in the land, and thereafter conveys the land to two persons as tenants in common, reserving to himself a life interest in the gas, and subsequently the two life tenants make an equal amicable partition of the property by quitclaim deeds by each to the other, each will be entitled after the death of the life tenant of the gas to an equal share of the rentals under the lease; and this is the case although all of the wells may have been on one of the two equal portions into which the land was divided by the partition deeds.

Argued April 18, 1917. Appeal, No. 132, April T., 1917, by defendant, from order of C. P. Butler Co., June T., 1916, No. 48, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Robert Harvey v. American Natural Gas Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for rental under a gas lease.

Rule for judgment for want of a sufficient affidavit of defense.

In addition to the facts stated in the opinion of the

Superior Court it appeared that Philip Snyder died on July 3, 1906.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*T. C. Campbell,* with him *Walter Lyon,* for appellant. —The gas passed with the title under the deeds: Kelly v. Keys, 213 Pa. 295; Glasgow v. Chartiers Oil Co., 152 Pa. 48; Cassell v. Crothers, 193 Pa. 359; Chamberlain v. Dow, 16 W. N. C. 532; McElwaine v. Brown, 11 Atl. Rep. 453; Barnsdall v. Bradford Gas Co., 225 Pa. 338; Johnston v. Smith, 3 P. & W. 496; Bank of Penna. v. Wise, 3 Watts 394; Evans v. Hamrick, 61 Pa. 19; White's Est., 167 Pa. 206.

*John R. Henninger,* for appellee.—This case is ruled by Wettengel v. Gormley, 160 Pa. 559; Wettengel v. Gormley, 184 Pa. 354.

OPINION BY HENDERSON, J., October 8, 1917:

On the 11th of May, 1898, Philip Snyder, who was the owner of a tract of land containing about one hundred and forty-five acres, in Butler County in this State, leased the same to one LeFever, for the purpose of operating and drilling for petroleum and gas, with the privilege of laying pipe lines and erecting necessary buildings, and with authority to sublet and divide; to continue for one year from the date of the lease, and so long thereafter as oil or gas should be produced in paying quantities. It was provided in the lease that if gas be found in paying quantities, the lessor was to be paid $300 per annum for the gas from each well when used off the premises, payments to be made quarterly in advance. The defendant acquired title to the lease by assignment, and drilled a well on the farm, which produced gas in profitable quantities, and which was used off the premises. The amount of rental was subsequent-

ly reduced by the lessor to $80 per year.    In April, 1901, Snyder conveyed the land to W. D. and James K. Snyder, as tenants in common, reserving, however, a life interest in the gas on the property.    On the 20th of March, 1906, W. D. Snyder and James K. Snyder effected a partition of the land by the exchange of quitclaim deeds for the respective portions chosen by each of them.    The gas well was on the part taken by W. D. Snyder, who on May 4, 1915, conveyed his land to P. J. Harvey.    James K. Snyder conveyed his portion of the farm to Robert Harvey, the plaintiff, on March 22, 1906. Philip Snyder having died, the question has been raised by this action whether the plaintiff is entitled to any part of the rental paid by the defendant under the lease. On a rule for judgment for want of a sufficient affidavit of defense the court held that the plaintiff was entitled to one-half of the rent reserved and judgment was entered accordingly.    The conclusion of the court was based on the opinion of the Supreme Court in Wettengel v. Gormley, 160 Pa. 559, which also involved the right to the rent under an oil and gas lease.    James Gormley was the owner of a body of land containing about six hundred acres, which he leased for the development of oil and gas.    Producing wells were drilled on a part of the tract.    By his last will he devised two hundred acres of the land to James T. Gormley, and about two hundred acres each to Annie Wettengel and Marie Lockhart in fee, said devisees being children of the testator.    All of the oil production was on the two hundred acres which James T. Gormley took under the will.    The question involved in the case was the right to the royalty reserved by the lessor.    Should it be divided among the three devisees in proportion to their titles in the whole tract, or was the son entitled to the whole of it because he became the owner in fee of the portion of the land on which the oil was actually produced?    The court held that the question must depend on the character of the lease and the nature of the product obtained under it; that while

the fee descended to the devisees in accordance with the direction of the testator, the lease was not affected by the devise; neither the lessor nor his devisees could change the right of the lessee or disturb his covenants by a division of the land into parts; all the devisees stood in the place of the devisor and were entitled to receive the rent as an entire sum from the tenant; the lessee could locate his wells wherever he pleased, and could distribute them over the land or drill them on one part of it; and in view of the well-known fact that oil and gas may be drawn from a considerable distance through a well, the portions of the farm not drilled should be considered as contributing to the product of the well. The vagrant character of the oil and gas furnished a foundation in the experience of oil operators for the conclusion that all of the farm was tributary to the wells which might be drilled thereon, and the equitable view of the case was, therefore, that all the owners of the farm were entitled to participate in the rent or royalty. The lease was likened to an agricultural lease, where a fixed rent was reserved, payable in money, and where the grain was grown on one portion of the farm, grass on another, while the remainder was unimproved or covered with timber, in which case, after a partition, it would not be important where the crops were raised, and although the interests of the owners would be several as to each other, they would be undivided as to the lease.

The question was again considered in a case between the same parties, 184 Pa. 354, and the conclusion of the court reaffirmed. The only distinction between that case and this is, that here the division of the land subject to the lease was made by the cotenants; in the other case it was made by the will of the testator. This difference does not, however, affect the reasoning in the case cited. By giving the quitclaim deed James K. Snyder did not release or surrender any interest which he had in the share of the farm which he took in sev-

eralty, nor did W. D. Snyder, in delivering a quitclaim deed to James K. Snyder part with the interest which he had in the share chosen by him. All they did was to create estates in severalty, but both of these were subject to the gas lease. The partition of the fee did not discharge that. Each of the owners retained all that belonged to his share of the whole tract, and that included one-half of the lease. We regard the decision in the Wettengel cases as conclusive of the question now raised. The judgment is therefore affirmed.